3:07-cv-643-J-16MCP

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| WILLIAM ANGULO<br>PO BOX 622312<br>ORLANDO, FL 32862 | ) | |
| | ) | |
| CARLOS ALFARO<br>16408 SW 304 STREET<br>APT. # 107<br>HOMESTEAD BASE, FL 33033 | ) | |
| | ) | |
| ARVESTER ANDERSON<br>3009 N. JEFFERSON STREET<br>TAMPA, FL 33603 | ) | |
| | ) | |
| HILTON ANGLADA<br>10211 OASIS PALM DRIVE<br>TAMPA, FL 33615 | ) | |
| | ) | |
| CHARLES ANTOINE<br>104 GUAYMAS DRIVE<br>KISSIMMEE, FL 34743 | ) | |
| | ) | |
| GUNAY BADAK<br>4983 CONEY TRAIL<br>BOCA RATON, FL 33487 | ) | |
| | ) | |
| THOMAS BAILEY<br>3123-A SW 26TH DRIVE<br>GAINSVILLE, FL 32608 | ) | |
| | ) | |
| JAMES BALLISH<br>PO BOX 2822<br>HALANDALE, FL 33008 | ) | |
| | ) | |
| JOHN BIDDLE<br>9602 GLENPOINTE DRIVE<br>RIVERVIEW, FL 33569 | ) | |
| | ) | |
| MICHAEL BILLICK<br>2528 LIME TREE DRIVE<br>EDGEWATER, FL 32141-5020 | ) | |

JULIO BOTEX
5004 MANDURIA STREET
ORLANDO, FL 32819                                    )
                                                     )
                                                     )
FELIX CABRERA                                        )
1493 HYDE PARK DRIVE                                 )
WINTER PARK, FL 32792                                )
                                                     )
JOSEPH CANNARELLA                                    )
14550 S.E. 93RD AVENUE                               )
SUMMERFIELD, FL 32691                                )
                                                     )
JEREMIAH CANNON                                      )
5806 CARNATION ROAD                                  )
JACKSONVILLE, FL 32209                               )
                                                     )
GIANCARLO CARBAJAL                                   )
1210 HADLEY CIRCLE SE                                )
#108                                                 )
PALM BAY, FL 32909                                   )
                                                     )
DAVID CARLISLE                                       )
125 E. CANFIELD STREET                               )
AVON PARK, FL      33825                             )
                                                     )
MANUEL CASTELLANOS                                   )
13007 5TH STREET                                     )
FORT MYERS, FL 33905                                 )
                                                     )
GERARDO CHILENITT                                    )
8431 SOUTH CORAL CIRCLE                              )
NORTH LAUDERDALE, FL 33068                           )
                                                     )
MARC CLAIRVOYANT                                     )
13223 58 COURT NORTH                                 )
WEST PALM BEACH, FL 33411                            )
                                                     )
RAFAEL COLLAZO                                       )
619 APPLEWOOD                                        )
AL TAMONTE SPRING, FL 32714                          )
                                                     )
FRANK COLLYER                                        )
2350 ARCHER BOULEVARD                                )
ORLANDO, FL 32833                                    )
                                                   ) )

BOYCE CONWILL
13759 FEATHER SOUND CIRCLE E.
APT. 701
CLEARWATER, FL 33762

JAMES COOPER
104 LAKEVIEW DRIVE
LEESBURG, FL 34788-2757

JASON COWART
4216 CENTER KEY ROAD
#922
WINTER PARK, FL 32792

MARIO DELCID
330 NE 56TH STREET
MIAMI, FL 33137

DANIEL DELRIO
10410 SASSAFRAS STREET
TAMPA, FL 33617

MARIANO DIAZ
906 SUTHERLAND CIRCLE
VALRICO, FL 33594

THEODORE DORITY, JR.
1012 INDIAN TRACE CIRCLE
APT 107
WEST PALM BEACH, FL 33407

JOHN ETTLINGER
2759 SPRING PARK RD
JACKSONVILLE, FL 32207

TIMOTHY FENWICK
1123 WYCLIFFE STREET
DELTONA, FL 32725

VLADIMIR FERNANDEZ
215 NE 12TH AVENUE
HOLMSTEAD, FL 33030

MAXIMINO FIGUEROA
2252 NOVA VILLAGE DRIVE
HOLLYWOOD, FL 33317

JAMES FLINDT )
2023 GLEN FORGE STREET )
BRANDON, FL 33511 )
)
LEROY FOREMAN )
682 OAK RIM LANE )
NEW SMYRNA BEACH, FL 32168 )
)
NICK FOSTER )
2712 CAPRICORN PLACE )
HOLIDAY, FL 34691 )
)
GABRIEL FRANQUI )
237 SW 114 AVENUE )
MIAMI, FL 33174 )
)
LUIS GIRALDES-BORREGO )
6225 W. DAMABRY HIGHWAY )
#306 )
TAMPA, FL 33614 )
)
JOSE GONZALEZ )
9100 W ATLANTIC BOULEVARD )
APT 622 )
CORAL SPRINGS, FL 33071 )
)
SERGIO GONZALEZ )
1837 SEMOLAN BOULEVARD )
ORLANDO, FL 32822 )
)
JEFFERY GORDON )
706 WEST LAKESHORE DRIVE )
COCOA, FL 32926 )
)
ALFONSO GRAVENHORST )
20301 SW 86 COURT )
MIAMI, FL 33189 )
)
ROBERT GRAY )
4441 SENTRY PALM LOOP )
ZEPHYRHILLS, FL 33542 )
)
ALAN HARRISON )
3252 TOURAINE AVENUE )
ORLANDO, FL 32812 )

4

| | |
|---|---|
| ERIC HUNTLEY<br>2724 TROPICANA BOULEVARD<br>#A<br>NAPLES, FL 34116 | ) <br>) <br>) <br>) <br>) |
| EDINO IBANEZ<br>980 NW 45TH AVENUE<br>APT 3<br>MIAMI, FL 33126 | ) <br>) <br>) <br>) <br>) |
| MARIO IGLESIAS<br>3110 W. WOODLAWN STREET<br>TAMPA, FL 33607 | ) <br>) <br>) <br>) |
| REGINALD JACKSON<br>519 HIGHLAND TERRACE<br>TITUSVILLE, FL 32796 | ) <br>) <br>) <br>) |
| DARRYL JOHNSON<br>4949 PRINCELY<br>JACKSONVILLE, FL 32208 | ) <br>) <br>) <br>) |
| JOHN KEEL<br>4513 N. MATANZAS<br>TAMPA, FL 33614 | ) <br>) <br>) <br>) |
| JEFFREY KENNEDY<br>PO BOX 883<br>COWLEY, GA 30288 | ) <br>) <br>) <br>) |
| WILLIAM KILOSKY<br>2639 DELLWOOD AVENUE<br>JACKSONVILLE, FL 32204 | ) <br>) <br>) <br>) |
| DAVID LANGLAIS<br>31790 US HIGHWAY 19 N #55<br>PALM HARBOR, FL 34684 | ) <br>) <br>) <br>) |
| GARY LEE<br>2138 WEST 17TH STREET<br>JACKSONVILLE, FL 32207 | ) <br>) <br>) <br>) |
| WILLIAM LEE<br>101 GOLFSIDE VILLAS<br>WINTER PARK, FL 32792 | ) <br>) <br>) |

RAYMOND LINDSEY
1106 S. MISSOURI AVENUE
#211
CLEARWATER, FL 33756

RAMONA LUGO
5540 CENTURY 21 BOULEVARD
APT. 155
ORLANDO, FL 32807

EDWIN LUNA
2678 ST. JOHN'S BLUFF ROAD S.
APT. 508
JACKSONVILLE, FL 32246

KELLY MAHAN
1175 SURREY DRIVE
#206
GLEN ELLYN, IL 60137

JOSE MARTINEZ
5181 W. OAKLAND PARK BOULEVARD
APT 113
LAUDERDALE LAKES, FL 33313

WILLIAM MCCANN
2406 CAPE HORN ROAD
E6
RED LION, PA 17356

ANDRE MCEACHIN
622 E 23ST
BROOKLYN, NY 11210

ROBERT MENDOZA
9605 HWY 90 W
LOT 178
SAN ANTONIO, TX 78245

FELIX MERCEDES
6808 NW 179 STREET
B-002
HIALEAH, FL 33015

JAMES MHOON

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

| | |
|---|---|
| 500 CHAFFEE ROAD SOUTH<br>LOT #42<br>JACKSONVILE, FL 32201 | ) |
| OSWIN MINOR<br>3 S PINE ISLAND ROAD<br>#3-107 PLANTATION, FL 33324 | ) ) ) ) |
| MICHAEL MONEGAN<br>373 PLEASANT VIEW RIDGE<br>SOUTH CHINA, ME 04358 | ) ) ) ) |
| JORGE MOREJON<br>20106 NW 52 AVENUE<br>#476<br>OPA LOCKA, FL 33055 | ) ) ) ) ) |
| JORGE MORENO<br>11201 S.W. 197TH STREET B #3<br>APT 101<br>MIAMI, FL 33157 | ) ) ) ) ) |
| JODY MUNDON<br>512 WEST STREET<br>OPP, AL 36467 | ) ) ) ) |
| GREGORY MYALL<br>6590 N.W. MOLTON CIRCLE<br>PORT ST LUCIE, FL 34983 | ) ) ) ) |
| PEDRO NODARSE<br>11789 SW 272ND TERRACE<br>HOMESTEAD, FL 33032 | ) ) ) ) |
| DANA OFELDT<br>7429C DANIEL WEBSTER DRIVE<br>WINTER PARK, FL 32792 | ) ) ) ) |
| JUAN ORTIZ-LABOY<br>5400 NE 5TH AVENUE<br>FT LAUDERDALE, FL 33324 | ) ) ) ) |
| ANTONIO PEREZ<br>6809 CAVACADE DRIVE<br>TAMPA, FL 33614 | ) ) ) ) |

| | |
|---|---|
| HECTOR RAMOS-AGOSTO<br>110 S. MANHATTAN AVENUE<br>#42<br>TAMPA, FL 33609<br><br>JULIO RAPOSA<br>8914 ARCADE AVE.<br>JACKSONVILLE, FL 32216<br><br>JOEL RIVERA<br>2093 TERRAGON ROAD<br>WEST PALM BEACH, FL 33415<br><br>RASSIEL RODRIGUEZ<br>3261 S.W. 60TH STREET<br>DAVIE, FL 33314<br><br>JOEL RODRIGUEZ<br>10101 EASTMAR COMMONS<br>BOULEVARD<br>APT. 2222<br>ORLANDO, FL 32825<br><br>EMILIO RODRIGUEZ<br>2405 E. 97 AVENUE<br>TAMPA, FL 33612<br><br>LUIS RODRIGUEZ<br>341 NW 53 COURT<br>FORT LAUDERDALE, FL 33309<br><br>ANDRES ROSS<br>9431 SW 6 LANE<br>MIAMI, FL 33174<br><br>ANTHONY ROSS<br>5700 NW 34TH STREET<br>B-8<br>GAINESVILLE, FL 32653<br><br>FLOYD ROWE<br>2035 BRIGHTON BAY TERRACE<br>JACKSONVILLE, FL 32246<br><br>ERNESTO RUBIDO | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| 6325 SW 58TH AVENUE<br>MIAMI, FL 33143<br><br>CARLOS RUIZ<br>1551 DARTMOUTH DRIVE<br>HOLIDAY, FL 34691<br><br>MICHAEL RYAN<br>8770 TESSARA LANE<br>TAMPA, FL 33647<br><br>AGUSTIN SANTIAGO<br>4428 BEAUMONT DRIVE<br>ORLANDO, FL 32808<br><br>STEVE SCHERF<br>6710 COLLING ROAD<br>APT 2504<br>JACKSONVILLE, FL 32244<br><br>RICHARD SHELDON<br>7501 142 AVENUE N<br>#551<br>LARGO, FL 33771<br><br>LENIN SIFONTES<br>11015 SW 42 TERRACE<br>MIAMI, FL 33165<br><br>LARRY SIMOND<br>8003 NAPO DRIVE<br>JACKSONVILLE, FL 32217<br><br>KENNETH SIMPSON<br>596 TALLULAH ROAD<br>LAKE WORTH, FL 33462<br><br>KENNETH SINGLETON<br>12401 ORANGE GROVE DRIVE<br>APT. 1212<br>TAMPA, FL 33618<br><br>MATTIE SMITH<br>P.O. BOX 4628<br>PRINCETON, FL 33092 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FRANK STOCKHOLM, JR.
10061 HIDDEN BRANCH DRIVE E
JACKSONVILLE, FL 32257 )
)
)
FREDY SUNI )
517 CAROLINE STREET )
TEMPLE TERRACE, FL 33617 )
)
)
JEFFREY THOMAS )
6410 WALTOM WY DRIVE )
TAMPA, FL 33610 )
)
)
CARLOS THOMPSON )
1513 MEADOW LARK STREET )
LONGWOOD, FL 32730 )
)
)
GARY TOOKER )
1108 OLEN DRIVE )
MAHOMET, IL 61853 )
)
)
DAVID TORRES )
60 SAN JOSE CIRCLE )
WINTER PARK, FL 32792 )
)
)
DOUGLAS URIBE )
425 TABOR DRIVE EAST )
JACKSONVILLE, FL 32216 )
)
)
ALBERT VALLE )
14021 RENSSELAER ROAD )
ORLANDO, FL 32826 )
)
)
HECTOR VALLEJO )
10875 NW 26TH STREET )
SUNRISE, FL 33322 )
)
)
LEROY VANN )
801 BLUE GRASS LANE )
BRANDON, FL 33510 )
)
)
HECTOR VASQUEZ )
6602 CAVACADE DRIVE )
APT 46B )
TAMPA, FL 33614 )
)
LAWRENCE VERDEROSA )

607 23RD AVENUE E
BRADENTON, FL 34208

RENE VREDEGOOR
1001 STARKEY ROAD
#500
LARGO, FL 33771

CRAIG WEAST
2326 WINDSOR OAKS AVENUE
LUTZ, FL 33549

ANTHONY WHITING, JR.
1366 WHALING AVE SE
PALM BAY, FL 32909

LENBYRD WOODS
1623 SE 3RD AVENUE
GAINESVILLE, FL 32641

FRANK YANES-RUANO
2008 ROOSEVELT DRIVE
KEY WEST, FL 33040

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED

|  |  |  |
|---|---|---|
|  |  | 07 JUL 16 AM 10: 21 |
| Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND<br>MANAGEMENT COMPANY, AIMCO<br>PROPERTIES, L.P., AND NHP<br>MANAGEMENT, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>CLERK, U.S. DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>JACKSONVILLE, FLORIDA |
|  |  |  |

## SUMMARY OF ALLEGATIONS

1.    Defendants Apartment Investment Management Company ("The Company"), AIMCO Properties, L.P. ("AIMCO") and NHP Management, Inc. ("NHP") (collectively, "Defendants"), beginning in at least the year 1999 and continuing until the present, have willfully violated federal law and applicable state laws by refusing to pay Plaintiffs William Angulo, Carlos Alfaro, Arvester Anderson, Hilton Anglada, Charles Antoine, Gunay Badak, Thomas Bailey, James Ballish, John Biddle, Michael Billick, Julio Botex, Felix Cabrera, Joseph Cannarella, Jeremiah Cannon, Giancarlo Carbajal, David Carlisle, Manuel Castellanos, Gerardo Chilenitt, Marc Clairvoyant, Rafael Collazo, Frank Collyer, Boyce Conwill, James Cooper, Jason Cowart, Mario Delcid, Daniel Delrio, Mariano Diaz, Theodore Dority Jr., John Ettlinger, Timothy Fenwick, Vladimir Fernandez, Maximino Figueroa, James Flindt, Leroy Foreman, Nick Foster, Gabriel Franqui, Luis Giraldes-Borrego, Jose Gonzalez, Sergio Gonzalez, Jeffery Gordon, Alfonso Gravenhorst, Robert Gray, Alan Harrison, Eric Huntley, Edino Ibanez, Mario Iglesias, Reginald Jackson, Darryl Johnson, John Keel, Jeffrey Kennedy, William Kilosky, David Langlais, Gary Lee, William Lee, Raymond Lindsey, Ramona Lugo, Edwin Luna, Kelly

Mahan, Jose Martinez, William McCann, Andre McEachin, Robert Mendoza, Felix Mercedes, James Mhoon, Oswin Minor, Michael Monegan, Jorge Morejon, Jorge Moreno, Jody Mundon, Gregory Myall, Pedro Nodarse, Dana Ofeldt, Juan Ortiz-Laboy, Antonio Perez, Hector Ramos-Agosto, Julio Raposa, Joel Rivera, Rassiel Rodriguez, Joel Rodriguez, Emilio Rodriguez, Luis Rodriguez, Andres Ross, Anthony Ross, Floyd Rowe, Ernesto Rubido, Carlos Ruiz, Michael Ryan, Agustin Santiago, Steve Scherf, Richard Sheldon, Lenin Sifontes, Larry Simond, Kenneth Simpson, Kenneth Singleton, Mattie Smith, Frank Stockholm, Jr., Fredy Suni, Jeffrey Thomas, Carlos Thompson, Gary Tooker, David Torres, Douglas Uribe, Albert Valle, Hector Vallejo, Leroy Vann, Hector Vasquez, Lawrence Verderosa, Rene Vredegoor, Craig Weast, Anthony Whiting, Jr., Lenbyrd Woods, and Frank Yanes-Ruano for all of the hours they work, and by refusing to pay overtime for all hours worked over 40 per week.

2.      This denial of legally required overtime pay has been accomplished through two separate practices, implemented statewide.

3.      First, AIMCO requires that employees who work overtime take "compensatory time" on future scheduled workdays rather than be paid overtime.[1]  AIMCO implemented this compensatory-time off policy while simultaneously setting staffing levels at its apartment communities at such low levels that, as a practical matter, employees are wholly unable to take off the "compensatory time" that they are owed.  The predictable – and intended – result is that AIMCO's Service Technicians, Maintenance Supervisors, and Service Managers are not paid overtime compensation when they work more than forty (40) hours a week, nor do they receive their compensatory time.

---

[1]      AIMCO did not use "compensatory time" in the traditional sense like the federal government.  "Compensatory time" in actuality was supposed to be a reorganization of an employee's work schedule so that the time worked did not exceed forty (40) hours per work week.

4.      Second, AIMCO refuses to pay employees who are "on call" at its apartment communities for the time they spend waiting for calls.  These employees must be available twenty-four (24) hours a day to respond to emergency requests for services from tenants, and must arrive at tenants' apartment between 5 and 20 minutes of tenants' requests for service.  In many cases these employees' lives are severely restricted while they are on call.  Yet AIMCO does not pay its employees for this waiting time.

5.      Both of these practices are knowing, willful, and intentional violations of The Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.* ("FLSA").

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims in this case, seeking relief for violations of the FLSA, pursuant to 28 U.S.C. § 1331.

7.      Defendants regularly transact business in this District and are therefore subject to personal jurisdiction here.

8.      Defendants own and operate approximately 70 apartment complexes in the state of Florida.

9.      Defendants also manage apartment communities and employ employees in this District and throughout the state of Florida.

10.     Upon information and belief, Defendants were joint employers of Plaintiffs in this District and throughout the state of Florida.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c), because Defendants are subject to personal jurisdiction in this District.   In addition, Plaintiffs were employed at facilities owned and operated by Defendants in this District and throughout the state of Florida, and were employed by Defendants in this District and throughout the state of Florida,

such that the unlawful acts of which Plaintiffs complain took place in this District and throughout the state of Florida.

## PARTIES

12.    The Company is a Maryland Corporation, which has its executive offices in Denver, Colorado and is engaged in the acquisition, ownership, management and redevelopment of apartment properties. The Company is the largest owner and operator of apartment properties in the United States. As of December 31, 2004, the Company owned or managed approximately 1500 properties containing approximately 318,152 apartment units located in 47 states.

13.    Defendant AIMCO is a Delaware limited partnership. AIMCO, through its operating divisions and subsidiaries, holds substantially all of the company's assets and manages the daily operations of the Company's business and assets.

14.    All references to AIMCO in the remainder of this Complaint shall mean the Company and AIMCO.

15.    Defendant NHP is an apartment management company with its principal place of business in Denver, Colorado. NHP manages many of the communities AIMCO owns, and is a joint employer with AIMCO of many employees at AIMCO's apartment communities, including the Plaintiffs in this action.

16.    Plaintiffs are current or former employees of AIMCO and NHP who are or were employed as hourly-paid "Service Technicians" or "Maintenance Supervisors" or "Service Managers," or in other job titles performing similar job duties. Plaintiffs' job responsibilities included maintaining the condition of the apartment community at which they are or were employed and responding to tenant requests for services.

17.    Plaintiffs are or were required periodically to remain "on call" on a 24-hour a day

basis to respond to emergency requests for assistance or services from tenants.

18.    Plaintiffs William Angulo, Carlos Alfaro, Arvester Anderson, Hilton Anglada, Charles Antoine, Gunay Badak, Thomas Bailey, James Ballish, John Biddle, Michael Billick, Julio Botex, Felix Cabrera, Joseph Cannarella, Jeremiah Cannon, Giancarlo Carbajal, David Carlisle, Manuel Castellanos, Gerardo Chilenitt, Marc Clairvoyant, Rafael Collazo, Frank Collyer, Boyce Conwill, James Cooper, Jason Cowart, Mario Delcid, Daniel Delrio, Mariano Diaz, Theodore Dority Jr., John Ettlinger, Timothy Fenwick, Vladimir Fernandez, Maximino Figueroa, James Flindt, Leroy Foreman, Nick Foster, Gabriel Franqui, Luis Giraldes-Borrego, Jose Gonzalez, Sergio Gonzalez, Jeffery Gordon, Alfonso Gravenhorst, Robert Gray, Alan Harrison, Eric Huntley, Edino Ibanez, Mario Iglesias, Reginald Jackson, Darryl Johnson, John Keel, Jeffrey Kennedy, William Kilosky, David Langlais, Gary Lee, William Lee, Raymond Lindsey, Ramona Lugo, Edwin Luna, Kelly Mahan, Jose Martinez, William McCann, Andre McEachin, Robert Mendoza, Felix Mercedes, James Mhoon, Oswin Minor, Michael Monegan, Jorge Morejon, Jorge Moreno, Jody Mundon, Gregory Myall, Pedro Nodarse, Dana Ofeldt, Juan Ortiz-Laboy, Antonio Perez, Hector Ramos-Agosto, Julio Raposa, Joel Rivera, Rassiel Rodriguez, Joel Rodriguez, Emilio Rodriguez, Luis Rodriguez, Andres Ross, Anthony Ross, Floyd Rowe, Ernesto Rubido, Carlos Ruiz, Michael Ryan, Agustin Santiago, Steve Scherf, Richard Sheldon, Lenin Sifontes, Larry Simond, Kenneth Simpson, Kenneth Singleton, Mattie Smith, Frank Stockholm, Jr., Fredy Suni, Jeffrey Thomas, Carlos Thompson, Gary Tooker, David Torres, Douglas Uribe, Albert Valle, Hector Vallejo, Leroy Vann, Hector Vasquez, Lawrence Verderosa, Rene Vredegoor, Craig Weast, Anthony Whiting, Jr., Lenbyrd Woods, and Frank Yanes-Ruano are or were employed by Defendants as Maintenance Personnel at facilities within the state of Florida.

16

## ALLEGATIONS OF THE PLAINTIFFS

### Defendants' Failure To Pay For Time Spent Responding To Emergency Service Calls

19.    Defendants jointly own, operate and manage apartment communities across the United States.  Indeed, AIMCO is the largest owner of apartment communities in the country, owning over 1700 properties nationwide.

20.    Many of AIMCO's properties are managed by Defendant NHP, and many of the employees who work at these AIMCO properties also are employees of NHP.

21.    AIMCO and NHP employ hourly-paid individuals at their apartment communities with the job titles Service Technician, Maintenance Supervisor, and Service Director (collectively, "Maintenance Personnel").

22.    The job duties of Maintenance Personnel include, *inter alia*, maintaining the condition of their apartment communities and performing scheduled and unscheduled maintenance and repair work at their facilities.  These duties include tasks such as repairing broken appliances, fixing air conditioning units, fixing plumbing problems, and performing electrical work.  Maintenance Personnel also must prepare vacant apartments to be rented, and some are responsible for maintaining adequate stocks of supplies and dealing with contractors and outside workers.

23.    In addition to the above job duties, on a rotating basis Maintenance Personnel are required to remain "on call," defined as being accessible to respond immediately to emergency requests for services from tenants, and available to arrive at tenants' apartments within 20 minutes or less in response to such requests.

24.    Maintenance Personnel usually are on call for one-week periods occurring once or twice each month, during which they work between approximately 4 p.m. and 8 a.m. Monday

through Friday, and 24 hours a day over the weekends.

25.    Defendants guarantee prompt service to their tenants who live in their communities, and rely upon their Maintenance Personnel to fulfill those guarantees.

26.    Specifically, Defendants' policy is that when tenants make emergency requests for service at their properties, a member of the Maintenance Personnel staff will arrive at the tenant's apartment to assist the tenant within approximately twenty (20) minutes or less of receiving the tenant's call.

27.    Defendants also guarantee that, under most circumstances, tenant problems will be resolved within 24 hours of the time Defendants are notified of the problem, or the tenant will receive a discount on future rent payments.  This service guarantee is prominently advertised on AIMCO's website.

28.    This level of service to tenants requires a significant commitment on the part of the Maintenance Personnel working at Defendants' apartment communities.

29.    In order to fulfill their guarantee of prompt service, the Defendants require that, in response to request for emergency service made by tenants, employees who are on call must arrive at the tenant's apartment to provide the requested assistance within 20 minutes or less of when the tenant's call is received.

30.    Specifically, Defendants' service policies and guarantees require that Maintenance Personnel be available twenty-four (24) hours a day on a rotating basis to respond to tenant emergency requests for service, and to work diligently at all times to ensure that tenants are satisfied with their apartment communities and that Defendants live up to their 24-hour satisfaction guarantee.

31.    Beginning in the year 2000, or earlier, and continuing to the present, the

Defendants have followed a policy of generally denying payment of overtime wages to its Maintenance Personnel for time spent on call at their facilities and for time spent responding to emergency service requests from tenants (the "no-overtime policy"). This policy was documented in various electronic mail messages from Defendants' upper management to Community Managers in the field.

32.    Exceptions to Defendants' no-overtime policy generally must be approved by a Regional Vice President ("RVP") or higher.

33.    The RVPs generally will not approve exceptions to the no-overtime policy. Rather than approve overtime payments, Defendants state that their employees must take "compensatory time" off work at some later point to compensate for the overtime that was worked.

34.    The Defendants, however, knowingly and willfully set staffing levels so low that Maintenance Personnel's heavy workloads frequently require that they work more than 40 hours in a work week.

35.    These low staffing levels have been caused by several policies employed by the Defendants.

36.    First, throughout the liability period, the defendants have imposed a staffing requirement that permits, at most, only one Maintenance Person to be assigned to its apartment communities for every 100 apartments at the community. This policy is enforced in such a way that, for example, if an apartment community has 280 apartments, it is still only assigned, at most, two Maintenance Persons rather than three. In addition, many AIMCO facilities are staffed more leanly, resulting in even greater pressure on the Maintenance Personnel.

37.    Second, upon information and belief, beginning in approximately the year 2000,

19

the Defendants required that each apartment community be staffed "5% out of the box" at all times. This policy meant that apartment communities would be provided with 5% less staff than was typically employed by other apartment management companies.

38.    Third, in approximately 2001, the Defendants adopted an initiative called "Project Century," pursuant to which thousands of their employees were laid off, including most of the grounds keeping and housekeeping staffs.

39.    Each of these staffing policies separately, as well as taken together, caused the remaining apartment community staff to be very busy at all times, and deprived them of any flexibility in the schedules in which they worked.

40.    Despite these diminished staffing levels and the enhanced workloads they imposed on Maintenance Personnel, the Defendants insisted that when Maintenance Personnel performed overtime work, they receive compensatory time rather than be paid overtime wages.

41.    The Defendants were informed repeatedly by Community Managers and Maintenance Supervisors across the country, during both regional meetings attended by RVPs and on other occasions, that Maintenance Personnel lacked the time to use the compensatory time they earned due to large and inflexible work loads.

42.    Notwithstanding repeated notice that Maintenance Personnel who performed overtime work were unable to use the compensatory time offered in lieu of overtime wages, the Defendants persisted in requiring advance approval before overtime wages were paid and directing managers to require that employees be provided compensatory time in lieu of overtime wages.

43.    In addition, in an effort to conceal the amount of overtime work performed, managers employed by the Defendants have directed Maintenance Personnel to record on their

time sheets less time than they actually worked, and have altered time sheets completed by Maintenance Personnel to reduce the number of hours worked that are recorded.

44.    These alterations to Maintenance Personnel timesheets had the purpose and effect of making it appear that Maintenance Personnel had not worked overtime when in fact they had done so.

45.    The compensation policies and practices set forth above constitute a willful, knowing, and intentional violation of the Fair Labor Standards Act.

**Defendants' Failure To Pay For Time Spent Waiting For Emergency Service Calls**

46.    Defendants require that at least one member of the  Maintenance Personnel staff be "on-call" during all hours when the apartment community office is closed and no Maintenance Personnel are on duty.

47.    On call service usually extends from 4 p.m. until 8 a.m. Monday through Friday, and during the entire weekend.

48.    When designated as the employee "on-call", Maintenance Personnel are required to be available to immediately respond to emergency service requests from tenants.  As a result, while Maintenance Personnel serve on call they are typically required to carry a beeper or cellular phone at all times.

49.    Tenants are provided a telephone number that they may call in order to reach the Maintenance Person serving on call at any time of the day or night.  Typically tenants either call an answering service that pages the Maintenance Person on call or call directly to the pager or cellular phone carried by the Maintenance Person on call.

50.    The Defendants require that, should a tenant call with an emergency (such as a leak or a lockout), then the employee on call will arrive at the tenant's apartment to address the

21

problem within a short, fixed amount of time after the call is received. The employee on call is typically expected to be at the tenant's apartment within less than 20 minutes after the call is received.

51.    In larger apartment communities, Maintenance Personnel on call usually receive three to five emergency service requests from tenants each night, and more calls on weekends and during seasons when tenants use heating and cooling systems heavily. In some smaller apartment communities, Maintenance Personnel receive calls less frequently, but most employees still receive at least 5 to 10 emergency service calls each week during which they are on call.

52.    The time required to address tenant emergency service requests ranges in length from about 20 to 30 minutes for emergencies that can be readily addressed, such as lockouts, to eight to ten hours if the service need is onerous or requires substantial repairs, such as a major leak.

53.    As a result of the Defendants' requirement that Maintenance Personnel respond so promptly to emergency service requests while they are on call, the Maintenance Personnel are severely limited in their ability to pursue activities unrelated to their employment while they are on call. Specifically, Maintenance Personnel often cannot assist in child care, cannot attend religious services, cannot go out to dinner, cannot go to the grocery store, cannot attend movies or plays, and cannot visit their families while they are on call.

54.    While on call, Maintenance Personnel are often unable to sleep throughout the night. Many Maintenance Personnel receive less than 5 hours of sleep at night while on call.

55.    Maintenance Personnel are subject to discipline, up to and including termination, for failing to respond promptly to emergency service requests lodged while they are on call.

22

56.    The severe restrictions imposed on the personal lives and activities of Maintenance Personnel when they are on call mean that, while they serve on call, the Defendants effectively have engaged Maintenance Personnel to wait for emergency service calls from tenants.  Accordingly, the Defendants should have paid the Maintenance Personnel their hourly rate, or time and a half their hourly rate for overtime hours, for all time spent on call.

57.    The Defendants have been fully aware that service on call places severe restrictions on the personal lives of their Maintenance Personnel.  The Defendants are aware of the prompt response times that they have required of their Maintenance Personnel and track the number of emergency requests received from tenants at each property, as well as the time spent responding to those requests.

58.    Maintenance personnel are and were on call for the benefit of AIMCO, and the restrictions on the activities in which Maintenance Personnel could be engaged during on-call time are and were for the benefit of AIMCO.

59.    Nonetheless, AIMCO has a corporate policy, implemented statewide, of refusing to pay Maintenance Personnel for the time they spend on call waiting to receive emergency service requests.

60.    This compensation policy and practice constitutes a knowing, intentional, and willful violation of the Fair Labor Standards Act.

## **CLAIMS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

I.    Determine the damages sustained by the Plaintiffs as a result of the Defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award such back pay

against AIMCO and in favor of Plaintiffs plus such pre-judgment interest as may
be allowed by law; and

II.    Award Plaintiffs their costs and disbursements of this suit, including, without
limitation, reasonable attorneys', accountants', investigators', and experts' fees;
and

III.    Grant Plaintiffs such other and further relief, including, without limitation,
injunctive relief where appropriate, as the Court may deem just and proper or that
is allowed under any Federal law violated by the Defendants' conduct described
herein.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Submitted by the attorneys for the Plaintiffs

R. Timothy Vannatta (F.L. 0055890)
KUVEIKIS & VANNATTA, P.A.
120 South Olive Avenue, Suite 202
West Palm Beach, FL 33401
Tel: (561) 655-9091
Fax: (561) 655-2921

Stephen M. Pavsner
Jay P. Holland
JOSEPH, GREENWALD
& LAAKE, P.A.
6404 Ivy Lane, Suite 400   -and-
Greenbelt, MD 20770
Tel.: (301) 220-2200
Fax: (301) 220-1214

Joseph M. Sellers (D.C. Bar No. 318410)
Charles E. Tompkins (D.C. Bar No. 459854)
Llezlie L. Green (D.C. Bar No. 484051)
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower - Suite 500
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

Dated: July 16, 2007

24